UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MICHAEL SANDERSON** | **CIVIL ACTION NO. 15-1793** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SHELTER MUTUAL INSURANCE COMPANY** | **MAG. JUDGE KAREN L HAYES** |

## RULING

Plaintiff Michael Sanderson ("Sanderson") has sued Shelter Mutual Insurance Company ("Shelter") pursuant to LA. REV. STAT. 22:1892 for failing to pay proceeds under a fire insurance policy despite being presented with proof of loss.

Pending before the Court is Sanderson's "Motion to Allow Time for Discovery Under Rule 56(d)." ("Rule 56(d) Motion") [Doc. No. 15]. Shelter filed a memorandum in opposition. [Doc. No. 19]. Sanderson filed a reply. [Doc. No. 21]. For the following reasons, the motion is GRANTED.

**I.  FACTS AND PROCEDURAL HISTORY**

On or about February 2, 2014, a fire occurred at 110 Topic Street, Monroe, Louisiana, a property owned by Sanderson. At the time of the fire, Shelter insured the property. Sanderson subsequently made a claim to Shelter under the fire insurance policy, but Shelter has not paid the claim. On February 2, 2015, Sanderson filed this lawsuit in the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, submitting that Shelter has violated LA. REV.STAT. 22:1892. That statute allows a claimant to recover damages for an insurer's bad-faith refusal to honor a policy

within thirty days "after receipt of satisfactory proof of loss from the insured" when the insurer's refusal to pay was arbitrary, capricious, or without probable cause. LA. REV.STAT. 22:1892(B)(1). If the loss from the fire is arson related and there is an active arson investigation, however, the insurer's time frame to pay is extended until the investigation concludes. LA. REV.STAT. 22:1892(B)(2).

Shelter removed the lawsuit to this Court on July 1, 2015, on the basis of diversity of citizenship. Shelter then filed a Motion for Partial Summary Judgment [Doc. No. 13] on the bad-faith claim on September 21, 2015, prior to responding to Sanderson's initial discovery requests. Shelter specifically argues that the fire is subject to an open arson investigation by the Ouachita Parish Fire Department, and, thus, its time period to pay Sanderson's proceeds has not begun to run.[1] In effect, Shelter argues that Sanderson's claims are premature–an ailment no amount of discover will cure.

In response, Sanderson filed the instant Rule 56(d) motion. Sanderson argues that Shelter filed its motion without giving him adequate time to depose witnesses and fully assess the need for discovery.

**II.     LAW AND ANALYSIS**

    **A.     56(d) Motions**

"Summary judgment is a lethal weapon." *Ponthieux v. Benford*, 4:04-113, 2006 WL 2927549 at* 2 (N.D. Miss. Oct. 11, 2006). When used appropriately, it ensures scarce judicial resources are not squandered by claims lacking evidentiary support. When inappropriately deployed, however,

---

[1] Shelter supports this contention with affidavit testimony from Ouachita Parish Fire Department Corporeal Curt Meachem ("Meachem") who declares that the fire was intentionally set and is the subject of an open arson investigation. [Doc. No. 13-1, Meachem Affidavit, Exh. 2].

summary judgment can rob a litigant of his rightful day in court.

Rule 56(d) addresses this potentially insidious quandary by allowing a nonmovant, through an affidavit or declaration, and with specific reasons, to petition the court to defer consideration of a motion for summary judgment or to allow for more discovery. *See* FED. R. CIV. P. 56(d). Rule 56(d) motions are "broadly favored and should be liberally granted." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). The Rule 56(d) movant "must set forth a plausible basis for believing that specific facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.*

### B. Application to this Case

Here, Sanderson filed a Rule 56(d) affidavit in proper form that describes the further discovery he wishes to take, as well as how he believes it will help demonstrate a genuine dispute of material fact. Specifically, Sanderson wishes to depose Danny Williams and Mary Gladney; both are key personnel who participated in Shelter's handling of Sanderson's claim, and, according to Sanderson, their depositions will illuminate what Shelter knew at the time it decided not to pay his claim. Sanderson also alleges that he needs to enlist an expert to adequately oppose Shelter's expert who opines that the fire was arson related. Finally, Sanderson argues that he cannot sufficiently counter Shelter's assertion that the Ouachita Parish Fire Department is currently engaged in an arson investigation without more discovery.

In opposition, Shelter contends that Sanderson's Rule 56(d) affidavit fails to show how the purported discovery will create a genuine issue of material fact that would preclude the Court from granting Shelter's Motion for Partial Summary Judgment. This is because Shelter's defense to the

bad-faith allegation hinges on the express language of LA. REV. STAT. 22:1892 which gives insurance companies a grace period to withhold payment on an insurance policy when an active arson investigation is ongoing:

> A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:1811, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss from the insured or any party in interest. The insurer shall notify the insurance producer of recover of all such payments for property damage claims made in accordance with this Paragraph.
> ...
> B. (2) The period set herein for payment of losses resulting from fire and the penalty provisions for nonpayment within the period shall not apply where the loss from fire was arson related and the state fire marshal or other state or local investigative bodies have the loss under active arson investigation. The provisions relative to time of payment and penalties shall commence to run upon certification of the investigating authority that there is no evidence of arson or that there is insufficient evidence to warrant further proceedings.

According to Shelter, no amount of discover will change the fact that this matter is under active investigation, and, therefore, it is under no duty to pay out insurance proceeds at this time. Shelter's position finds support in the statute's plain language as well as the jurisprudence. *See, e.g., Whelan v. State Farm*, 10-1803, 2011 WL 1464209 at*2 (E.D. La. Apr. 14, 2011) ("Therefore, it is clear that if an arson investigation is ongoing, State Farm's conduct would be protected under La. R.S. 22:1892, and Plaintiffs' allegations of bad faith against State Farm would be without merit."); *B. Bennett Mfg. Co., Inc v. South Carolina Ins. Co.*, 96-731, p. 22 (La. App. 5 Cir. 3/25/97); 696 So.2d 1258 ("SCIC was justified in withholding payment while the matter was under official investigation, pursuant to La.R.S. [22:1892]").

Still, Sanderson believes that he can discover evidence disputing Shelter's claim that the Ouachita Parish Fire Department is in the midst of an active arson investigation. He further points

out that such evidence, were it discovered, would likely produce the kind of genuine dispute of material fact that would overcome Shelter's Motion for Summary Judgment on this issue.

The Court agrees with Sanderson and, accordingly, will defer consideration of Shelter's Motion for Partial Summary Judgment to allow Sanderson to conduct limited discovery. A desire to avoid a hasty, one-sided resolution of this issue–as well as an adherence to precedent commanding courts to liberally grant Rule 56(d) Motions–counsel this result. Further, this case is still in its infancy; Sanderson has not been sluggish in conducting discovery which, again, weighs in favor of granting his Rule 56(d) Motion.

However, the Court also finds that no amount of discovery on peripheral matters will create a genuine issue of material fact with respect to the existence of an ongoing active arson investigation. Therefore, Sanderson has until December 14, 2015 to engage in discovery limited to discerning whether the Ouachita Parish Fire Department is actively investigating the fire at 110 Topic Street as an arson- related incident.[2] The Court will also set a supplemental briefing schedule.

### III. CONCLUSION

For these reasons, Sanderson's Rule 56(d) Motion is GRANTED. Sanderson has until December 14, 2015 to conduct discovery limited to discerning whether the Ouachita Parish fire Department is actively investigating the fire at 110 Topic Street as an arson-related incident. If he wishes to file a supplemental memorandum in opposition to Shelter's Motion for Partial Summary Judgment, he must do so no later than December 21, 2015. If Shelter wishes to file a supplemental

---

[2]Specifically, the court will not defer ruling on the Motion for Partial Summary judgment to allow Sanderson to retain an expert. The issue is not the actual cause of the fire, but whether there is an active arson investigation.

reply memorandum, it must do so no later than December 28, 2015.

MONROE, LOUISIANA, this 13th day of November, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE